ENGEL INDUSTRIES, INC., Plaintiff,

v.

FIRST AMERICAN BANK,
et al., Defendants.

Civ. A. No. 91–1496.

United States District Court,
District of Columbia.

Sept. 29, 1992.

Jane Cohen, Susman, Schermer, Rimmel & Shifrin, St. Louis, Mo., Mark A. Cymrot, William P. McGrath, Jr., Cole, Corette & Abrutyn, Washington, D.C., for Engel Industries, Inc., plaintiff.

Stanley J. Marcuss, Philip T. von Mehren, Milbank, Tweed, Hadley & McCloy, Washington, D.C., for 1st American Bank, N.A., defendant and third party plaintiff.

Anthony D. Padgett, Thelen, Marrin, Johnson & Bridges, Washington, D.C., for Medcon Enterprises, Inc., defendant and third party plaintiff.

K. Chris Todd, Johnson & Gibbs, Washington, D.C., Michael E. Norton, Porter & Travers, New York City, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This case arises out of a contract for sale of roll-forming equipment between Engel Industries, a Missouri corporation, and Medcon Enterprises, a Virginia company. The equipment was to be paid for by a letter of credit issued by First American Bank. Medcon intended to sell the equipment to an Iraqi government agency. In an earlier decision which sets forth the facts in detail, the Court granted summary judgment in favor of the plaintiff and against both Medcon Enterprises and First American Bank. *See* Memorandum Opin-

ion, (June 2, 1992). The following undisputed facts gave rise to the remaining claims in the case.

An individual named Khaled Faisal Al Hegelan joined Medcon in issuing a note requiring them to pay First American the amounts advanced on the letter of credit. Medcon also issued a security agreement to cover payment under the note. The Iraqi government agency arranged to pay Medcon for the roll-forming equipment with a letter of credit issued by the Central Bank of Iraq and confirmed by UBAF Arab American Bank. Medcon assigned the proceeds on the UBAF letter of credit to First American Bank as collateral for the note.

Based on these facts, defendant First American Bank filed a cross claim against defendant Medcon Enterprises. First American also filed third-party complaints against UBAF Arab American Bank and Khaled Faisal Al Hegelan. Defendant Medcon Enterprises filed a third-party complaint against UBAF Arab American Bank.

Motions for summary judgment have been filed on these claims. First American Bank has moved for summary judgment on its cross-claim against co-defendant Medcon Enterprises and its third-party claim against Khaled Faisal Al Hegelan and UBAF Arab American Bank. Medcon Enterprises has moved for summary judgment on its third-party claim against UBAF Arab American Bank. Third-party defendant UBAF Arab–American Bank has moved for summary judgment against Medcon Enterprises and First American Bank.

The same principles that determined the outcome of the plaintiff's motion for summary judgment apply to the resolution of these claims. The plaintiff performed its part of the contract, therefore, First American Bank is required to pay the plaintiff on the letter of credit. The Court has already entered judgment on plaintiff's claim. Medcon and Khaled Faisal Al Hegelan executed a note and Medcon executed a security agreement to protect First American and guarantee that if the bank had to pay on the letter of credit it would be reimbursed.

Medcon and Mr. Al Hegelan now advance two arguments for why they should not be required to pay First American. First they claim that the note and the security agreement only require them to pay when the bank makes a legal and proper payment under the letter of credit. They argue that First American is legally barred from paying Engel. The Court has already decided that just the opposite is true. First American is bound to pay Engel under the letter of credit, therefore, the note and the security agreement do apply.

■ Second, Medcon and Mr. Al Hegelan argue that the note and the security agreement expired on October 22, 1990 therefore their obligation no longer exists. The date of expiration was established based on the parties' expectation of when the contract would be performed. The contract was not performed on schedule because Medcon withdrew after Iraq invaded Kuwait and the President issued Executive Orders establishing a freeze on Iraqi assets. First American went on to breach the terms of the letter of credit after it learned that Medcon did not intend to perform under the contract. Medcon and Mr. Al Hegelan cannot now take advantage of their own breach in order to escape their responsibility to First American under the note and the security agreement. The Court will grant summary judgment in favor of First American against Medcon and against Mr. Al Hegelan.

■ Once Medcon received the roll-forming equipment from Engel and shipped it to the Iraqi government agency, it was to be paid via a letter of credit issued by the Central Bank of Iraq. UBAF Arab American Bank undertook the responsibility of confirming that letter of credit. Medcon argues that UBAF Arab American Bank should pay on the letter of credit because if the executive orders and regulations implementing the Iraqi asset freeze do not prohibit Medcon from performing its contract with Engel, they also do not prohibit UBAF Arab American Bank from paying under its letter of credit. The Office of Foreign Assets Control (OFAC) has determined that the letter of credit issued by the Central

Bank of Iraq and the collateral the Central Bank of Iraq posted with UBAF are blocked property and may not be transferred without authorization from OFAC. However, this determination does not prevent Medcon from getting a judgment against UBAF. UBAF Arab American Bank confirmed the letter of credit, meaning that it undertook liability in its own right. *See* D.C.Code § 28:5–107(2).[1] Because it was UBAF's principal who was ultimately responsible for blocking performance in this case, UBAF is estopped from claiming that it need not pay on the letter of credit because Medcon has not performed. Medcon ought to get the benefit of having arranged for a confirmed letter of credit in this case. Where it has sought guarantees to insure against the riskiness of the party with which it was dealing—specifically an instrumentality of the Iraqi government—it ought not to be left without a remedy. The Court recognizes that there is a strong claim here against the Iraqi government agency, and while the current freeze may prevent UBAF from collecting on such a claim, UBAF already holds funds from the Iraqis specifically designated as collateral to cover their liability to Medcon in this case. UBAF's risk is therefore limited. Accordingly, the Court will enter summary judgment in favor of Medcon against UBAF Arab American Bank.

■ Finally, First American Bank has a third-party claim against UBAF Arab American Bank. It claims that because Medcon assigned the proceeds of its letter of credit issued by the Central Bank of Iraq and confirmed by UBAF Arab American Bank as collateral for the security agreement, First American should now be able to collect from UBAF Arab American Bank. For the reasons already stated, the Court views this claim as meritorious. Accordingly, summary judgment will be granted in favor of First American against UBAF.[2]

An appropriate order setting forth the final judgment in this case accompanies this opinion.

### ORDER

For the reasons given in the foregoing opinion, it is this 25 day of September, 1992, hereby

ORDERED that summary judgment is granted in favor of First American Bank against Medcon Enterprises and Khaled Faisal Al Hegelan; and it is

FURTHER ORDERED that summary judgment is granted in favor of Medcon Enterprises against UBAF Arab American Bank; and it is

FURTHER ORDERED that First American Bank's motion for summary judgment against UBAF Arab American Bank is granted; and it is

FURTHER ORDERED that once UBAF Arab American Bank satisfies its obligation under the letter of credit the proceeds of which have been assigned to First American Bank, its obligation to all parties to this law suit will have been satisfied; and it is

FURTHER ORDERED that UBAF Arab American Bank's motion for summary judgment is denied.

---

1. The text of this section reads as follows:
   (2) A confirming bank by confirming a credit becomes directly obligated on the credit to the extent of its confirmation as though it were its issuer and acquires the rights of an issuer.

2. Of course, UBAF Arab American Bank does not have to pay twice. Once it has paid First American Bank its obligation under the letter of credit, its obligation will have been satisfied.